UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:25-CV-00072-GNS

BRYAN CASEY FORD                                                          PLAINTIFF

v.

MYRA SUSIE SKAGGS et al.                                                  DEFENDANTS

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on Defendants' Motion to Dismiss (DN 4).  The motion is ripe for adjudication.

## I.      <u>BACKGROUND</u>

Plaintiff Bryan Casey Ford ("Ford") filed this civil rights action alleging various violations by, *inter alia*, Defendants Judge Amy S. Anderson, Judge Samuel Todd Spalding, and Judge William Mike Hall ("Judicial Defendants"), and Circuit Court Clerk Myra Susie Skaggs ("Clerk Skaggs") (collectively, "Moving Defendants"), who are all sued in their official and individual capacities.  (Compl. 3-4, DN 1).  In particular, Ford asserts that Judicial Defendants and Clerk Skaggs violated 42 U.S.C. § 1983 by:  (i) engaging in human trafficking, forced compliance, armed kidnapping, treason, and false arrest; (ii) violating his due process rights and rights under the First and Fourth Amendment to the U.S. Constitution; (iii) impersonating an office of the United States; and (iv) depriving him of "all rights."  (Compl. 5).

Moving Defendants have moved to dismiss the claims asserted against them pursuant to Fed. R. Civ. P. 12(b)(1) and (6).  (Defs.' Mot. Dismiss, DN 4).  No response was filed.

1

## II.     STANDARD OF REVIEW

Generally, threshold challenges to subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) should be decided before any ruling on the merits under Fed. R. Civ. P. 12(b)(6). *See Bell v. Hood*, 327 U.S. 678, 682 (1946). In most circumstances, a petitioner bears the burden to survive Fed. R. Civ. P. 12(b)(1) motions to dismiss for lack of subject matter jurisdiction. *See id.*

Challenges to subject matter jurisdiction come in several varieties. Facial attacks challenge a plaintiff's establishment of jurisdiction in the complaint and require the Court to examine the jurisdictional basis. *See United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) (citation omitted). Factual attacks contest the existence of factual prerequisites to jurisdiction. *See id.* In such motions, in contrast to motions under Fed. R. Civ. P. 12(b)(6), the Court is empowered to resolve the factual disputes affecting any jurisdictional prerequisites. *See Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986). The plaintiff bears the burden in both these situations. *See Bell*, 327 U.S. at 682.

When considering a Rule 12(b)(6) motion, a court "must construe the complaint in the light most favorable to [the] plaintiff[] . . . ." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted). A court must also accept all of a plaintiff's allegations as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action's elements" are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, this standard is satisfied when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

### III.     **DISCUSSION**

#### A.     *Younger* **Abstention**

Moving Defendants rely on the doctrine articulated in *Younger v. Harris*, 401 U.S. 37 (1971), in asserting that this Court should abstain from hearing the claims asserted against them. (Defs.' Mot. Dismiss 9-11).    "*Younger* abstention requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008) (citing *Younger*, 401 U.S. at 40-41); *see also Doe v . Lee*, No. 3:21-CV-00809, 2022 WL 1164228, at *3 (M.D. Tenn. Apr. 19, 2022) (citation omitted) (noting the *Younger* abstention doctrine is a facial attack on the complaint).  In determining whether to abstain on this basis, a court must consider three factors: "(1) whether the underlying proceedings constitute an ongoing judicial proceeding, (2) whether the proceedings implicate an important state interest, and (3) whether there is an adequate opportunity in the state proceedings to raise a constitutional challenge." *Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008) (citation omitted).

As Moving Defendants note, Ford has two pending criminal cases in Kentucky state courts:  *Commonwealth v. Ford*, No. 23-T-03472 (Taylor Dist. Ct.); and *Commonwealth v. Ford*, No. 25-T-08190 (Taylor Dist. Ct.).  (Defs.' Mot. Dismiss 2 n.3).  Regarding the second factor, "federal courts abstain [] when there is a parallel, pending criminal proceeding in state courts." *Lawrence v. Pelton*, 413 F. Supp. 3d 701, 709 (W.D. Mich. 2019) (citing *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013)).  Finally, Ford may appeal any adverse decision of a state court as a matter of right.  Thus, the relevant factors all weigh in favor of abstaining and dismissing the claims asserted against Moving Defendants based on the *Younger* abstention

doctrine.  Ford's claims against Moving Defendants are dismissed to the extent that *Younger* abstention doctrine applies.

###   B.    Judicial & Quasi-Judicial Immunity

Moving Defendants contend that any official capacity claim asserted against them are barred either by the doctrine of absolute judicial immunity or quasi-judicial immunity.  (Defs.' Mot. Dismiss 6-8).  Moving Defendant similarly argue that claims against Clerk Skaggs are barred.  (Defs.' Mot. Dismiss 6-8).

"State judges enjoy absolute immunity from liability under 42 U.S.C. § 1983." *Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012) (citation omitted).  This immunity applies as "long as the complained-of act was not taken in the clear absence of all jurisdiction and so long as the act was a judicial act (the function was normally one performed by a judge and the parties dealt with the judge in his or her judicial capacity)." *Collins v. Lambert*, No. 06-CV-76-KKC, 2007 WL 293876, at *3 (E.D. Ky. Jan. 26, 2007) (citing *Pierson v. Ray*, 386 U.S. 547, 553-55 (1967)). In addition, "[a]bsolute judicial immunity is not diminished even if the judge's exercise of authority is flawed or if there are procedural errors." *Id.* (citing *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)).

That immunity, however, may be defeated in two instances:  "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity.  Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (internal quotation marks omitted) (quoting *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)).  In light of the sparse allegations in the Complaint and the lack of response to this motion, there is nothing to suggest that either exception applies to defeat the

application of absolute immunity for Judicial Defendants.    The claims against Judicial Defendants in their official capacities are dismissed due to judicial immunity.

Similar to judges, "[j]udicial employees are immune from damages for the performance of quasi-judicial duties." *Wojnicz v. Davis*, 80 F. App'x 382, 383 (6th Cir. 2003) (citations omitted).   This includes persons who are "performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citation omitted).   As the Sixth Circuit has explained:

> This determination is made using a "functional" approach, under which courts look to the nature of the function being performed rather than the identity of the actor performing it.   Also considered is "the effect that exposure to particular forms of liability would likely have on the appropriate exercise of those functions."

*In re McKenzie*, 716 F.3d 404, 412 (6th Cir. 2013) (internal citation omitted) (citation omitted). The Complaint, however, does not contain any allegations that would negate the application of quasi-judicial immunity.   Imposing personal liability on a clerk of court, who performs essential tasks for the judiciary, would have a negative overall impact on operation of the judicial system.[1] Therefore, any official capacity claim against Clerk Skaggs is barred by quasi-judicial immunity.

---

[1] Moving Defendants also argue that Ford's claims against them in their individual capacities are barred by qualified immunity.  (Defs.' Mot. Dismiss 8-9).  The Sixth Circuit has recognized that it is inappropriate for a trial court to resolve the applicability of qualified immunity in ruling on motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  *See Wesley v. Campbell*, 779 F.3d 421, 433 (6th Cir. 2015) ("[I]t is generally inappropriate for a district court to grant a 12(b)(6) motion to dismiss on the basis of qualified immunity.  Although a[] [government official's] entitle[ment] to qualified immunity is a threshold question to be resolved at the earliest possible point, that point is usually summary judgment and not dismissal under Rule 12."  (internal quotation marks omitted) (internal citation omitted) (citation omitted)).  At this stage of the litigation, it would be inappropriate to the determine whether any claims are precluded by qualified immunity without affording Ford the opportunity to conduct discovery.

C.    **Failure to State Claim**

Finally, Moving Defendant assert that they are entitled to dismissal of any claim asserted against them pursuant to Fed. R. Civ. P. 12(b)(6) because Ford has failed to state a claim against them.  (Defs.' Mot. Dismiss 4-5).  The Complaint lacks any allegation of facts that could plausibly support any claim asserted against Moving Defendants.  It also devoid of facts that could plausibly state individual capacity or official capacities claims against Moving Defendants. Therefore, because the allegations in Complaint do satisfy the *Iqbal*/*Twombly* standard, the motion is granted.

IV.    <strong>CONCLUSION</strong>

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (DN 4) is **GRANTED**, and Ford's claims against Defendants Judge Amy S. Anderson, Judge Samuel Todd Spalding, Judge William Mike Hall, Circuit Court Clerk Myra Susie Skaggs are **DISMISSED WITHOUT PREJUDICE**.

Greg N. Stivers, Chief Judge

United States District Court

September 17, 2025

cc:    counsel of record
       Plaintiff, *pro se*